Joseph A. Cox, S.
The court construes the ninth paragraph of the wall of this testatrix as follows: (1) When the beneficiary, Ruth Dunbar Sherwood, attained the age of 25 years on October 1,1957, she became entitled to receive one fourth of the principal of the trust, valued as of that date. (2) When Mrs. Sherwood shall attain the age of 30 years, she will be entitled to receive a second one-quarter portion of the trust, taking into account the increase or decrease in the value of the share since the inception of the trust. For all practical purposes, this will mean that she will be entitled to one third of the fund as it exists on the date of her thirtieth birthday. (3) The power of appointment extends to one half of the trust fund at the death of the beneficiary, regardless of her age or the number of previous distributions of principal.
Other decisions construing wills of other testators are of little assistance in this case. The answers to the propounded questions are to be found in the text of the wdll before us. The direction to pay one fourth of the fund upon the beneficiary’s attaining the age of 25 years is clear and definite. It is conceded that, standing alone, this text would hardly support an inference that the original value of the fund is to be used in determining the value of the distribution. Nothing in its context serves to impair the clear mandate of the testatrix to pay one fourth of the fund when the beneficiary attains the age specified.
The direction for distribution of the second installment does, it is true, use the words “ one-fourth part of said trust estate as originally constituted ”. Taken out of their context and construed by themselves, these words might well support the inference that the original cash value of the trust is to fix the amount of the second installment. Read in their context, however, they point to a different conclusion. The testatrix spoke not merely of a one-fourth share, but of “ another one-fourth part”, thus equating it to the first one-quarter share which had reflected *99 the gains and losses since the inception of the trust. More significant, however, is her direction to her trustees to pay to the beneficiary a one-fourth part of the principal of the trust “ or of the securities in which the same may be then invested ’ ’. (Emphasis added.) The testatrix patently thought of the trust as an invested fund and of the fractional shares as invested undivided parts of the entire invested fund. The grant of authority to pay the “ said one-fourth part * * * of the securities in which the [principal] may be then invested ’ ’ recognizes the fact that while there may be increases or decreases in values of investments in line with current conditions, the distribution in kind of an aliquot share avoids difficulties due to temporary fluctuations and keeps the fractional shares relatively constant.
Finally, the testatrix referred to what will be left after payment of the second installment as “ the remaining one-half part of said trust estate ’ ’. Only by treating the undivided portions as invested shares, participating pro rata in the invested whole fund, could she have spoken of what is left as one half of the entire trust. Under the special guardian’s construction, the “ remaining one-half part ” would have absorbed all of the increases of the whole fund since its beginning and would be considerably greater than the one half which is to be distributed.
It is clear, therefore, that the entire ninth paragraph reveals the intent and purpose to fix each fractional distribution on the basis of the value of the fund at the date specified for such distribution. The objection of the special guardian to payments heretofore made to the beneficiary on the ground that they were based on October 1,1957 valuations, is overruled.
All parties are agreed that the power of appointment covers one half of the fund as it may exist on the date of death of the beneficiary, whether she should die before reaching age 30 or thereafter. The text of the will very plainly bears that meaning.
The special guardian refers in his report in general terms to the allocation of charges against the share which should have been paid to the beneficiary at age 25. The court will make no ruling on that question until it is directly and specifically presented on the settlement of the decree.
Submit decree on notice construing the will and settling the account accordingly.